Ibrahim Muhtaseb Esq. (State Bar #299472)
The Law Office of Jeffrey E Lohman, P.C.
41185 Golden Gate Circle, Suite 108
Murrieta, CA  92562
Tel: 951-704-3475
lbrahimmutaseb@gmail.com

Attorney for Plaintiff,
SUZAN MOTOOKA

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZAN MOTOOKA<br><br>                    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br><br>                    Defendant | Case No.<br><br>PLAINTIFF'S COMPLAINT AND<br>DEMAND FOR JURY TRIAL |

## <u>COMPLAINT</u>

NOW COMES Plaintiff, SUZAN MOTOOKA ("Plaintiff"), by and through undersigned attorneys, and for the Complaint against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("Defendant" of "EXPERIAN"), hereby alleges as follows:

1

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## Nature of the Action

1.     This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq* and Cal.Civ. Code § 1785 *et seq*.

## Jurisdiction and Venue

2.     This Court has jurisdiction under the 15 U.S.C. § 1681p of the FCRA and pursuant to 28 U.S.C. §§ 1331 and 1337.

3.     Venue and personal jurisdiction are proper in this District because Defendant transacts business within this District and a material portion of the events or omissions giving rise to this claim occurred within this District.

4.     This Court has supplemental jurisdiction over the state claims as all claims share a common nucleus of operative fact.

## Parties

5.     Plaintiff is a natural person at all times relevant residing in Yolo County, city of Woodland, California.

6.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7.     Further, because Plaintiff is a natural person, Plaintiff was a "consumer" as the term is defined be Cal. Civ. Code § 1785.3(b).

2

**COMPLAINT AND DEMAND FOR JURY TRIAL**

8. Defendant EXPERIAN is a corporation conducting business in the State of California and is headquartered in Irvine, California.

9. Defendant EXPERIAN is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

10. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

11. Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

12. Defendant EXPERIAN is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

13. At all times relevant to this Complaint, Defendant acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

14. Plaintiff is a consumer who is the victim of inaccurate reporting by EXPERIAN and has suffered particularized and concrete harm.

15. CRAs, including EXPERIAN have a duty under the FCRA to follow

**COMPLAINT AND DEMAND FOR JURY TRIAL**

reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B). *See also* Cal. Civ. Code § 1785.14

16.    On or about October 15, 2019, Plaintiff and Comenity Bank settled an account for a credit card account with Home Shopping Network with the account number ending in 3541 ("Account") for $743.45.

17.    Plaintiff made a single payment of $743.45 on or about October 17, 2019, satisfying the settlement terms pursuant to the agreement.

18.    In December 2021, Plaintiff received a copy of her credit report from EXPERIAN.

19.    To her surprise, despite Plaintiff's performance under the terms of the agreement, Defendant EXPERIAN reported the Account as "Charged Off" and with a balance being owed of $1,115.00.

20.    Both the status and balance being reported by EXPERIAN were incorrect.

21.    On December 10, 2021, Plaintiff issued a dispute to EXPERIAN regarding the incorrect information being reported on the Account.

22.    Specifically, Plaintiff disputed the incorrect status of "Charged Off" and that any balance was owed on the account.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

23.     Further, Plaintiff included proof of the settlement and payment to COMENITY BANK with her dispute letter.

24.     However, despite having received the letter and accompanying proof of payment, EXPERIAN continued to report the account as having a current status of "Charge Off" and having an outstanding balance.

25.     Once again on February 25, 2022, Plaintiff wrote another letter to EXPERIAN disputing the inaccuracies of the Account and asking EXPERIAN to reinvestigate the inaccuracies.

26.     However, despite having received the letter and accompanying proof of payment, EXPERIAN continued to report the Account as having a current status of "Charge Off" and having an outstanding balance of $1,115.00

27.     As of May 2023, EXPERIAN continues to report the Account incorrectly, reporting a pay status of "Charge Off" and having a balance owed.

28.     The aforementioned information reported by EXPERIAN regarding the Account with COMENITY BANK is inaccurate, or otherwise misleading, and is adverse to the agreement between Plaintiff and COMENITY BANK.

29.     Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, EXPERIAN is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit

**COMPLAINT AND DEMAND FOR JURY TRIAL**

file(s) it published and maintained concerning Plaintiff.

30.    If EXPERIAN would have complied with its statutory duties, incorrect information concerning the Account would not have been reported in spite of the dispute letters received from Plaintiff and the accompanying documentation.

31.    As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, humiliation from the disclosure of the inaccurate information published to third parties looking at Plaintiff's credit, and mental and emotional distress

## COUNT I
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

32.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-31.

33.    Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681e(b)

    a.  Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file.

34.    This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full amount of statutory,

**COMPLAINT AND DEMAND FOR JURY TRIAL**

actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## COUNT II
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

35.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

36.    Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681i

  a.  Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a)

  b.  Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

  c.  Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a); and

  d.  Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

37.    This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full  amount of statutory,

**COMPLAINT AND DEMAND FOR JURY TRIAL**

actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

**COUNT III**
**Violation of Cal. Civ. Code § 1785.16**

38.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-37.

39.    Pursuant to its duties under Cal. Civ. Code § 1785.16, among other things, EXPERIAN had a duty to reinvestigate its reporting of the Account within 30 days of receipt of Plaintiff's dispute letter.

40.    Further, EXPERIAN had an obligation to consider the additional paperwork Plaintiff included with the dispute letter.

41.    Had EXPERIAN considered Plaintiff's proof tha the Account had been settled and paid off, EXPERIAN would not have republished the incorrect information regarding the Account.

42.    EXPERIAN's failure to consider the information provided by Plaintiff was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COUNT III
## Violation of Cal. Civ. Code § 1785.14

43.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-42.

44.    Among other obligations, Cal. Civ. Code § 1785.14 requires CRAs such as EXPERIAN to maintain reasonable procedures to insure the maximum possible accuracy of information about the consumer to whom the information relates.

45.    EXPERIAN has failed to maintain reasonable procedures purstant to this section as the natural result of any reasonable procedures would have led to EXPERIAN either deleting the Account from Plaintiff's credit report or, at the least, updating the Account to reflect an accurate status and balance.

46.    EXPERIAN's failure to maintain reasonable procedures to insure maximum accuracy of Plaintiff's credit report  was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

/ / /

/ / /

/ / /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial pursuant to 15 U.S.C. § 1681n(a);

b) Statutory damages of $1,000 pursuant to 15 U.S.C. § 1681n(a) for Defendant's failure to investigate its reporting of Plaintiff's Account;

c) Punitive damages and equitable relief including, but not limited to, enjoining Defendant from further FCRA violations, pursuant 15 U.S.C. § 1681n(a);

d) Statutory damages of up to $5,000 for each individual negligent violation of Cal. Civ. Code § 1785, *et seq.*, pursuant Cal. Civ. Code §§ 1785.31(a)(2)(A)-(C);

e) Statutory damages of up to $5,000 for each individual willful violation of Cal. Civ. Code § 1785, *et seq.*, pursuant Cal. Civ. Code §§ 1785.31(a)(2)(A)-(C);

f) Punitive damages and equitable relief including, but not limited to, enjoining Defendant from further violations Cal. Civ. Code § 1785, *et seq.*, pursuant to Cal. Civ. Code § 1785.31(b);

**COMPLAINT AND DEMAND FOR JURY TRIAL**

g) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3) and Cal. Civ. Code § 1785.31; and

h) Any further legal and equitable relief as this Honorable Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: June 11, 2023

By: /s/ *Ibrahim Muhtaseb*
Ibrahim Muhtaseb Esq
Attorney for Plaintiff,
Suzan Motooka

11

**COMPLAINT AND DEMAND FOR JURY TRIAL**